IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONY LIFE INSURANCE COMPANY, a New York corporation,<br><br>　　　　Plaintiff,<br>　　vs.<br>MARLENE MARZOCCHI, a California citizen; and DOES 1 through 10,<br><br>　　　　Defendants.<br>_____/<br>AND RELATED COUNTER/CROSS CLAIMS<br>_____/ | Civ. No. S-10-2935 KJM DAD<br><br><br><br>ORDER |

　　　　This matter comes before the court upon plaintiff and counterdefendant MONY Life Insurance Company's motion to dismiss defendant and counterclaimant Marlene Marzocchi's first counterclaim for relief.  (ECF 21.)  This matter was decided without a hearing. For the following reasons, counterdefendant's motion is hereby GRANTED.

I.　　FACTS AND PROCEDURAL HISTORY

　　　　Plaintiff MONY Life Insurance Company (MONY) initiated this action for declaratory relief and restitution on November 1, 2010, alleging defendant Marlene Marzocchi (Marzocchi) was not, and is no longer, entitled to disability benefits under an insurance policy issued by MONY on or around February 18, 1995.  (Compl. at 1, ECF 1.)

1

According to the counterclaim and cross-complaint, sometime in 2003, Marzocchi filed a claim for disability benefits under the aforementioned insurance policy. (Counterclaim at 3, ECF 12.) In response, "MONY paid benefits from 2003 forward and is continuing to pay benefits under this claim." (*Id.*) However, sometime in October 2006, MONY "began a campaign designed to force [] Marzocchi to settle her claim and sell her policy back to MONY." (*Id.*) Marzocchi seeks relief for, *inter alia*, bad faith, alleging "MONY has breached its duty of good faith and fair dealing, conducted a bias investigation in an adversarial manner, and used the power to reserve its rights as a tool to bludgeon [] Marzocchi into accepting its settlement offer." (*Id.* at 15.)

MONY filed the instant motion to dismiss on June 15, 2011, challenging only Marzocchi's first counterclaim. ( ECF 21.) MONY asserts that Marzocchi's claim for bad faith fails as a matter of law because, to date, MONY has not withheld any benefits from Marzocchi. (*Id.*) Marzocchi filed her opposition on July 6, 2011 (ECF 27), and MONY filed its reply on July 20, 2011. (ECF 31.)

II.     ANALYSIS

   A.     Motion to Dismiss Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A motion to dismiss under this rule may also challenge the sufficiency of fraud allegations under the more particularlized standard of Rule 9(b) of the Federal Rules of Civil Procedure. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," (Fed. R. Civ. P. 8(a)(2)), in order to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to

2

'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions'" or "'a formulaic recitation of the elements of a cause of action.'" *Iqbal,* 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950. Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, this court must construe the complaint in the light most favorable to the plaintiff and accept as true the factual allegations of the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). This rule does not apply to "'a legal conclusion couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quoted in *Twombly*, 550 U.S. at 555), nor to "allegations that contradict matters properly subject to judicial notice" or to material attached to or incorporated by reference into the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001). A court's consideration of documents attached to a complaint or incorporated by reference or matter subject to judicial notice will not convert a motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003); *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002) (noting that even though court may look beyond pleadings on motion to dismiss, generally court is limited to face of the complaint on 12(b)(6) motion).

B.   Application

MONY moves to dismiss only Marzocchi's first counterclaim for bad faith, arguing Marzocchi's claim must fail because she pled facts in her counterclaim and cross-

complaint that bar recovery for bad faith. (*See* ECF 21.) Marzocchi avers that her claim can withstand MONY's motion to dismiss, because she has alleged MONY acted in bad faith by:

> (1) [] demanding repayment of payments that were accompanied by MONY's promise that it 'will not request a reimbursement of this payment, or any prior payments' and (2) by its coercive acts set out at length in the complaint in which MONY kept after [Marzocchi] in an attempt to convince her to sell back her policy for a lump sum chosen by MONY, instead of simply paying the benefits as they came due.

(Opp'n at 3.)

The law in California is clear: a claim for bad faith cannot lie where "benefits due under the policy [] have [not] been withheld." *See Love v. Fire Ins. Exchange*, 221 Cal.App.3d 1136, 1151 (Cal. Ct. App. 4th Dist. 1990) *(*citations omitted); *Waller v. Truck Ins. Exchange*, 11 Cal. 4th 1, 36 (1995). Indeed, "[w]here benefits are fully and promptly paid, [there can be] no action [] for [bad faith][1] - no matter how hostile or egregious the insurer's conduct toward the insured may have been prior to such payment. *I.e.*, absent actual withholding of benefits due, there is no breach of contract and likewise no [claim for bad faith.]" *Love*, 221 Cal.App.3d at 1151 n.10 (emphasis removed). Nowhere in Marzocchi's counterclaim does she allege that any benefits due have been withheld. (*See* ECF 12.) Instead, Marzocchi admits "MONY paid benefits [under the policy at issue] from 2003 forward and is continuing to pay benefits under this claim." (*Id.* at 3, ¶ 5.)

Notwithstanding this obvious defect in Marzocchi's counterclaim, Marzocchi argues that her claim for bad faith must survive because there is an issue of "whether bad faith requires that defendant insurer refuse to pay a *valid* claim," and her allegations that MONY's actions, in demanding repayment of benefits previously paid to her and attempting to coerce her into "sell[ing] back her policy for a lump sum," are adequate. (Opp'n at 3-4) (emphasis in

---

[1] In California, a claim for breach of the implied covenant of good faith and fair dealing is the same as a claim for bad faith. *E.g., 20th Century Ins. Co. v. Superior Court*, 90 Cal. App. 4th 1247, 1279 (Cal. Ct. App. 2d Dist. 2000) (citing and quoting *J.C. Penney Casualty Ins. Co. v. M.K.*, 52 Cal. 3d 1009 (1991)).

original.) In so doing, Marzocchi misrepresents the authorities cited in her opposition, and relies on several cases that are no longer good law, as pointed out by MONY. (*See* Reply at 1-4.) Marzocchi presents no applicable precedent that demonstrates her claim for bad faith can survive, in light of her concession that MONY has, and continues to, pay benefits to her. (*Id.*)

Rule 15(a) states that leave to amend "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." *Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). In this case, it is clear that Marzocchi's counterclaim for bad faith should be dismissed without leave to amend, as allowing amendment would be futile. *See Klamath-Lake Pharmaceutical Ass'n v. Klamath Medical Service Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983). As discussed above, Marzocchi concedes that MONY has continued to pay benefits under the policy at issue in this case; therefore, it is impossible for her to maintain a claim for bad faith, as the withholding of benefits due is a requisite element of that claim. *See Love*, 221 Cal. App. 3d at 1151 *(*citations omitted). Moreover, even accepting as true Marzocchi's allegations regarding MONY's demand for repayment, or use of "coercive acts" to convince her to sell back her policy, Marzocchi cannot state a claim for bad faith. *Id.* at 1151 n.10 ("Where benefits are fully and promptly paid, [there can be] no action [] for [bad faith] - *no matter how hostile or egregious the insurer's conduct toward the insured may have been prior to such payment*.") (emphasis added). Accordingly, Marzocchi's counterclaim for bad faith is dismissed with prejudice.

/////
/////
/////
/////
/////
/////

III. <u>CONCLUSION</u>

      For the foregoing reasons, it is hereby ORDERED that plaintiff and counterdefendant's motion to dismiss (ECF 21) is GRANTED, WITH PREJUDICE.

      IT IS SO ORDERED.

DATED: March 30, 2012.

_____
UNITED STATES DISTRICT JUDGE