IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MONY LIFE INSURANCE COMPANY,

    Plaintiff,                      No. CIV S-10-2935 KJM CKD

    vs.

MARLENE MARZOCCHI,             ORDER

    Defendant.
_____/

And counterclaims.
_____/

        Plaintiff's motion to compel production of psychiatric records pursuant to subpoena duces tecum served on Dr. Daniel Rubanowitz[1] came on regularly for hearing April 4, 2012. Misty Murray appeared for plaintiff and counter defendant Mony Life Insurance Company. Laurence Padway appeared for defendant and counter claimant Marlene Marzocchi. No appearance was made for third party defendant Archangel Investigations and Protection. Upon review of the documents in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

/////

---

[1] Dr. Rubanowitz was afforded an opportunity to file a statement with the court regarding the subpoena but declined to do so. See dkt. no. 41.

This is an action for declaratory relief brought by a disability insurance provider. Defendant has asserted counterclaims for intentional infliction of emotional distress and invasion of privacy. Plaintiff seeks production of records from defendant's treating psychotherapist, Dr. Rubanowitz.

Defendant has put her mental condition at issue in this litigation by making a claim for intentional infliction of emotional distress. To prevail on this claim, defendant must show she suffered severe or extreme emotional distress and that plaintiff's outrageous conduct was the proximate cause of such emotional distress. See Fletcher v. Nat'l Life Ins. Co., 10 Cal. App. 3d 376 (1970). Under these circumstances, plaintiff is entitled to discovery on issues pertaining to defendant's mental health.[2] See In re Lifschutz, 2 Cal. 3d 415 (1970) (despite assertion of psychotherapist-patient privilege, discovery of plaintiff's treating psychiatrist's records appropriate where plaintiff placed mental health condition at issue); see also Vinson v. Superior Court, 43 Cal. 3d 833 (1987) (balancing of privacy interests where plaintiff puts mental health condition at issue).[3]

At the hearing on this matter, defense counsel requested the court "certify" the ruling on the motion to compel to the appellate court for immediate review. The court presumes counsel's request is made pursuant to 28 U.S.C. § 1292(b). In light of the provisions of the Local

---

[2] Defense counsel at the hearing argued that records outside of the time limit encompassed by the statute of limitations are irrelevant. The court notes that counter defendant Mony has not yet filed an answer asserting the statute of limitations in that the motion to dismiss the bad faith counterclaim was resolved on March 30, 2012 and the time limit for filing an answer has not yet expired. Moreover, alternative causes of defendant's emotional distress are relevant, even if such stressors developed sometime prior to the time period for which defendant may be able to make a claim against plaintiff for intentional infliction of emotional distress.

[3] Because this is a diversity action, the state law of privilege governs the pending discovery dispute. Fed. R. Evid. 501; see Star Editorial, Inc. v. United States Dist. Ct. for Central Dist. of Calif., 7 F.3d 856, 859 (9th Cir. 1993). California recognizes the psychotherapist/patient privilege. For documents covered by this privilege, the patient must put her mental state at issue in the litigation for the privilege to be waived. California also affords privacy protection under the California Constitution, Art. I, Sec. 1. A balancing test is used for measuring whether matters protected by privacy interests should be disclosed during discovery.

Rules under which defendant may seek reconsideration of the herein order by the District Judge assigned to this matter, the court declines defense counsel's request.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion to compel production of psychiatric records from Dr. Daniel Rubanowitz (dkt. no. 46) is granted. The subpoenaed documents shall be produced to plaintiff within fourteen days. Documents produced pursuant to this order shall be used solely for purposes of this litigation. Absent stipulation of the parties or further order of the court, any party submitting the documents for inclusion in the court record shall request said documents be filed under seal.

2. The Clerk of Court is directed to serve a copy of this order on Daniel Rubanowitz, Ph.D., 1211 Magnolia Avenue, Redding, California, 96001.

3. Plaintiff and counter defendant's request to seal (dkt. no. 47) is granted. Exhibits F, G, L, and O to the Declaration of Misty Murray in support of the motion to compel and all references in the motion to compel to the substance of these exhibits shall be filed under seal consistent with Local Rule 141.

Dated: April 5, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
mony-marzocchi.oah